**STATE v. HOLT**

[342 N.C. 395 (1995)]

———————

STATE OF NORTH CAROLINA v. PAUL DEGEOFREY HOLT

No. 85PA95

(Filed 8 December 1995)

**1. Homicide § 256 (NCI4th)— first-degree murder—premeditation and deliberation—evidence sufficient**

There was sufficient evidence of premeditation and deliberation in a noncapital first-degree murder prosecution where, during a confrontation between defendant and the victim, defendant went to a store located thirty feet away and returned with a gun; by his own testimony, this removed him from the confrontation for about two to three minutes; when he returned, he shot the victim as the victim fled, threatened to kill the victim's wife

also, and stated that he hoped he had killed the victim; the time interval between the defendant's departure from the confrontation and the shooting was clearly sufficient to allow him to think out the act and form a fixed design to kill in a cool state of blood; and his statements in the wake of the shooting indicate that he in fact did so.

**Am Jur 2d, Homicide § 68.**

**Modern status of the rules requiring malice "afore-thought," "deliberation," or "premeditation," as elements of murder in the first degree. 18 ALR4th 961.**

**2. Homicide § 706 (NCI4th)— first-degree murder—no instruction on voluntary manslaughter**

There was no prejudicial error in a noncapital prosecution for first-degree murder where the trial court denied defendant's request for an instruction on voluntary manslaughter, the trial court instructed the jury on first- and second-degree murder, and the jury found defendant guilty of first-degree murder.

**Am Jur 2d, Homicide §§ 496, 529-534.**

Justice FRYE did not participate in the consideration or decision of this case.

On writ of certiorari to review a judgment entered on 20 October 1993 by Walker (Russell G., Jr.), J., in Superior Court, Guilford County, sentencing defendant to life imprisonment upon a jury verdict finding him guilty of first-degree murder. Heard in the Supreme Court 16 November 1995.

*Michael F. Easley, Attorney General, by R. Kendrick Cleveland, Associate Attorney General, for the State.*

*Wallace C. Harrelson, Public Defender, and Walter E. Jones, Assistant Public Defender, for defendant-appellant.*

WHICHARD, Justice.

In a noncapital trial, defendant was convicted of the first-degree murder of Olin Brown and sentenced to life imprisonment. Trial counsel failed to perfect the appeal in a timely manner. On 4 May 1995 this Court allowed defendant's petition for a writ of certiorari and

appointed Wallace C. Harrelson, Public Defender of Guilford County, as counsel on appeal. We now find no error in the trial.

The State's evidence, in pertinent summary, showed the following:

Several witnesses observed a confrontation between defendant and the victim, Olin Brown, which involved an exchange of angry words, shoving, and throwing punches. In the course of the confrontation, defendant ran to a store located approximately thirty feet away and returned carrying a gun. The group gathered at the scene scattered, with the victim running toward a nearby field. Defendant fired the gun at the fleeing victim. The victim's wife then found the victim lying in the nearby field, with his pants bloody on the right side. Paramedics and police officers transported him to a hospital, where he died shortly thereafter. After the shooting defendant threatened to kill the victim's wife and said of the victim, "I hope I killed the m—— f——."

A forensic pathologist testified that a lacerated femoral artery secondary to a gunshot wound in the right leg caused the victim's death.

Defendant testified in his own behalf. He described the confrontation, indicating that he thought the victim's girlfriend was leaving to get a gun and that he had believed the victim had a gun. The victim's previous threats to him caused him to believe the victim would hurt him. Defendant testified: "He threatened me and I was scared." He admitted shooting in the victim's direction, but only for the purpose of scaring him. He stated that he was away from the scene of the confrontation for "[a]bout two to three minutes" when he went to get the gun.

Defendant first contends the trial court erred in denying his motion to dismiss the first-degree murder charge. He argues that the evidence was insufficient to show premeditation and deliberation.

[1] Premeditation and deliberation are necessary elements of first-degree murder based on premeditation and deliberation (as opposed to other bases for first-degree murder set forth in N.C.G.S. § 14-17). Premeditation means that the defendant thought out the act beforehand for some length of time, however short. Deliberation means an intent to kill, carried out in a cool state of blood, in furtherance of a

fixed design for revenge or to accomplish an unlawful purpose and not under the influence of a violent passion, suddenly aroused by lawful or just cause or legal provocation. A defendant's conduct before and after the killing is a circumstance to be considered in determining whether he acted with premeditation and deliberation. *State v. Vaughn*, 324 N.C. 301, 305, 377 S.E.2d 738, 740 (1989); *State v. Jackson*, 317 N.C. 1, 23, 343 S.E.2d 814, 827 (1986), *sentence vacated on other grounds*, 479 U.S. 1077, 94 L. Ed. 2d 133 (1987). In determining the sufficiency of the evidence, the court must consider it in the light most favorable to the State, giving the State the benefit of every reasonable inference. *State v. Baity*, 340 N.C. 65, 73, 455 S.E.2d 621, 626 (1995).

The evidence here shows that during a confrontation between defendant and the victim, defendant went to a store located thirty feet away and returned with a gun. By his own testimony, this mission removed him from the confrontation for about two to three minutes. When he returned he shot the victim as the victim fled, threatened to kill the victim's wife also, and stated that he hoped he had killed the victim. The time interval between defendant's departure from the confrontation and the shooting was clearly sufficient to allow him to think out the act and form a fixed design to kill in a cool state of blood. His statements in the wake of the shooting indicate that he in fact did so. The evidence thus sufficed to permit a reasonable inference that defendant premeditated and deliberated the killing, and the trial court did not err in denying the motion to dismiss. This assignment of error is overruled.

[2] Defendant next contends the trial court erred in denying his request that the jury be instructed on a possible verdict of guilty of voluntary manslaughter. Assuming *arguendo* that the evidence supported such an instruction, the failure to give it was harmless. The trial court instructed the jury on both first-degree and second-degree murder, and the jury found defendant guilty of first-degree murder. It is well established in this jurisdiction that when a jury is properly instructed on first-degree murder and second-degree murder and returns a verdict of guilty of first-degree murder, the failure to instruct on voluntary manslaughter is harmless error. *Vaughn*, 324 N.C. at 309, 377 S.E.2d at 742; *State v. Tidwell*, 323 N.C. 668, 674-75, 374 S.E.2d 577, 581 (1989). These assignments of error are overruled.

We find that defendant received a fair trial, free from prejudicial error.

CANNON v. N. C. STATE BD. OF EDUCATION

[342 N.C. 399 (1995)]

NO ERROR.

Justice FRYE did not participate in the consideration or decision of this case.